## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| N.V.E., INC., | |
| Plaintiff, | Civil Action No. 08-2206(SRC) |
| -vs- | |
| INNOVATION VENTURES, LLC d/b/a LIVING ESSENTIALS, | *Oral Argument Requested* |
| Defendant | **Document Filed Electronically** |

---

### BRIEF IN SUPPORT OF DEFENDANT'S, INNOVATION VENTURES, LLC d/b/a LIVING ESSENTIALS, MOTION TO DISMISS

---

JOSEPH M. WENZEL, ESQ.
(JMW-3531)
452 Clifton Avenue
Clifton, New Jersey 07011
(973) 546-0700

BROOKS KUSHMAN, PC
1000 Town Center
Twenty-Second Floor
Southfield, Michigan 48075-1238
(248) 358-4400
Attorney for Defendant

JOSEPH M. WENZEL, ESQ.
 Of Counsel and On the Brief

MARK A. CANTOR, ESQ.
MARC LORELLI, ESQ.
Of Counsel

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES                                                                                iii

I.      INTRODUCTION                                                                             1

II.     FACTUAL BACKGROUND                                                              1

III.    ARGUMENT                                                                                    3

        A.      The Court Should Dismiss N.V.E.'s Case Or Transfer It To Michigan      3

                1.      The Complaints At Issue Are Substantially Similar                 4

                2.      The Michigan Action Was Filed First                              5

                3.      Jurisdiction Of The Courts At Issue Is Concurrent                6

                        a.      Subject Matter Jurisdiction                             6

                        b.      Personal Jurisdiction                                  6

        B.      Analysis Of The Third Circuit Factors Confirms That The
                New Jersey Action Should Be Dismissed Or Transferred To Michigan     7

                1.      Public Interest Factors                                        7

                        a.      The Enforceability Of The Judgment                    7

                        b.      Practical Considerations That Could Make The
                                Trial Easy, Expeditious Or Inexpensive                8

                        c.      The Relative Administrative Difficulty In The
                                Two Fora Resulting From Court Congestion              8

                        d.      The Local Interest In Deciding Local
                                Controversies At Home                                 8

                        e.      The Public Policies Of The Fora                       9

                        f.      The Familiarity Of The Trial Judge With
                                The Applicable State Law In Diversity Cases           9

                2.      Private Interest Factors                                       9

a.    The Plaintiff's Forum Preference As Manifested
In The Original Choice    9

b.    The Defendant's Preference    10

c.    Whether The Claim Arose Elsewhere    10

d.    The Convenience Of The Parties As Indicated
By Their Relative Physical And Financial Condition    10

e.    The Convenience Of Witnesses-Only To The
Extent That The Witnesses May Actually Be
Unavailable For Trial In One Of The Fora    11

f.    The Location Of Books And Records (Similarly
Limited To Extent That Files Could Not Be
Produced In The Alternative Forum    11

C.    If The Court Does Not Dismiss Or Transfer The New Jersey
Action To Michigan, It Should Stay The Action Until The
Resolution Of The Michigan Action    12

IV.    CONCLUSION    13

## <u>TABLE OF AUTHORITIES</u>

### CASES

*Crosley Corp. v. Hazeltine Corp.*,
  122 F.2d 925 (3d Cir. 1941)............................................................................3, 5, 12

*EVCO Tech. & Dev. Co., LLC v. Precision Shooting Equip., Inc.*,
  379 F.Supp.2d 728 (E.D.Pa. 2005) .............................................................................11

*Gulf Oil Corp. v. Gilbert*,
  330 U.S. 501 (1947)........................................................................................3

*Int'l Shoe Co. v. Washington, et. al.*,
  326 U.S. 310 (1945)........................................................................................6

*Jumara v. State Farm Ins. Co.*,
  55 F.3d 873 (3d Cir. 1995)........................................................................4

*Melone v. Boeing Co.*,
  2008 WL 877974, 2 (D.N.J. March 28, 2008)............................................................11

*Nature's Benefit, Inc. v. NFI*,
  2007 WL 2462625, at 3 (D.N.J 2007) ............................................................3, 4, 11

*Tuff Torq Corp. v. Hydro-Gear Ltd. Pshp. v. Sauer, Inc.*,
  882 F. Supp., 359 (D. Del. 1994)............................................................3, 9

### STATUTES

Fed. R. Civ. P. 13.........................................................................................................2

15 U.S.C. § 1125..............................................................................1, 2, 5, 6, 9, 12

28 U.S.C. §1331.......................................................................................................6

28 USC §1404........................................................................................................3

# I. **INTRODUCTION**

Defendant Innovation Ventures, LLC d/b/a Living Essentials ("Living Essentials"), moves this Court to transfer plaintiff N.V.E., Inc.'s ("N.V.E.") action for violation of the Federal Anticybersquatting Consumer Protection Act under 15 U.S.C. § 1125 (ACPA) to the Eastern District of Michigan in light of a previously filed trademark infringement action, also under 15 U.S.C. § 1125. (Case No. 08-cv-11867). Alternatively, Living Essentials requests that the present action be stayed until the conclusion of the Michigan litigation.

# II. **FACTUAL BACKGROUND**

On May 1, 2008, Living Essentials filed an action in the Eastern District of Michigan against N.V.E. for trademark infringement and false advertising related to N.V.E.'s use of 6 HOUR POWER in violation of Living Essentials' rights in the trademark 5 HOUR ENERGY, U.S. Registration No. 3,003,077. (Ex., A, the "Michigan action"). Four days later, N.V.E. filed the present action in this district alleging a violation of the ACPA. (The "New Jersey action" - Dkt. No. 08-2206.)

Living Essentials has been using 5 HOUR ENERGY as a trademark on its 2 ounce energy shot since September of 2004. (Ex. A, ¶ 7.) Since that time, Living Essentials' 5 HOUR ENERGY product has been the market leader in 2 ounce energy drinks. (*Id.* ¶¶ 13-14.) Living Essentials' success has spawned a number of competitors including N.V.E. N.V.E. introduced its 2 ounce energy drinks with the name 6 HOUR POWER to invoke an affiliation in the minds of consumers and trade off of the good will developed by the market leader. (Ex., A, ¶

18.)   More recently, N.V.E. engaged in national advertisements to promote its product that infringes on the trademark rights that Living Essentials has developed in 5 HOUR ENERGY.  As mentioned above, on May 1, 2008, Living Essentials filed an action in the Eastern District of Michigan because 6 HOUR POWER infringes on its trademark rights.  (Ex. A.)  N.V.E. alleges, however, that Living Essentials' rights to the 5 HOUR ENERGY trademark do not extend to 6 HOUR POWER.

On May 5, 2008, N.V.E. filed a related and retaliatory action in the District of New Jersey.  (Dkt. No. 08-2206)  There are a number of issues with N.V.E.'s allegations, but fundamentally, N.V.E. contentions are the same as its defense to the Michigan case.  N.V.E. contends that Living Essentials rights to the 5 HOUR ENERGY trademark do not extend to 6 HOUR POWER, and therefore, Living Essentials registration of certain domain names was made in "bad faith" pursuant to 15 U.S.C. § 1125(d)(1)(B)(i).  The seminal issue in making such a determination is whether 6 HOUR POWER is likely to cause confusion as to source, affiliation, or sponsorship with 5 HOUR ENERGY – the same key issue in the Michigan case.  Indeed, N.V.E.'s ACPA claim is a compulsory counterclaim to Living Essentials' Michigan complaint. Fed. R. Civ. P. 13(a).

Furthermore, the allegations set forth in Living Essentials' Michigan action arise out of N.V.E.'s sales throughout the United States, including sales specifically made in the Eastern District of Michigan.  (Ex. B, Doughty Declaration.)  Living Essentials is a Michigan company having its principal place of business in the Eastern District of Michigan.  (Ex. A, ¶ 1.) And, the allegations that set forth the basis for N.V.E.'s actions in the New Jersey case were also performed in Michigan.  The domain names at issue in the New Jersey case were registered in Michigan.  (*See*, Ex. B to Dkt. No. 08-2206)

# III. <u>ARGUMENT</u>

## A.    <u>The Court Should Dismiss N.V.E.'s Case Or Transfer It To Michigan</u>

When two cases with similar subject matter are brought in different federal district courts of concurrent jurisdiction, the court which first has possession of the subject must decide it. *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929 (3d Cir. 1941). This principle is known as the first-to-file rule. "[T]he first-to-file rule normally serves a purpose of promoting efficiency well and should not be disregarded lightly." *Tuff Torq Corp. v. Hydro-Gear Ltd. Pshp. v. Sauer, Inc.*, 882 F. Supp., 359, 364 (D. Del. 1994). The "first-to-file" rule is appropriate in the interest of federal comity and allowing the "original" plaintiff to choose the forum in which the issues will be litigated. *Gulf Oil Corp. v.* Gilbert, 330 U.S. 501, 508 (1947). In applying the "first-to-file" rule, a court looks to three threshold factors: (1) the chronology of the two actions, (2) the similarity of the parties, (3) the similarity of the issues. *Nature's Benefit, Inc. v. NFI*, 2007 WL 2462625, at *3 (D.N.J 2007) (Ex. C). Whether seeking to transfer, stay, or dismiss a case under the first-to-file rule, a court should also consider the factors used in a 28 USC §1404(a) transfer motion analysis, but "[t]he first-to-file rule should be followed unless 'there are other factors of substance' which indicate that the balance of conveniences supports proceeding first n the latter filed district." *Id*.

To establish whether the § 1404(a) factors strongly counsel against the first-to-file rule, the Court should consider the three factors enumerated in the statute. There are three factors enumerated in the statute: the convenience of the parties, the convenience of the witnesses, and the interests of justice. *Id*. at *11-13. 28 U.S.C. § 1404(a). The Third Circuit uses these three factors as a starting point for analyzing a § 1404(a) motion, and additionally

3

considers a number of other public and private interest factors. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).

> The public interest factors include:
>
> (1)    the enforceability of the judgment;
> (2)    practical considerations that could make the trial easy, expeditious or inexpensive;
> (3)    the relative administrative difficulty in the two fora resulting from court congestion;
> (4)    the local interest in deciding local controversies at home;
> (5)    the public policies of the fora; and
> (6)    the familiarity of the trial judge with the applicable state law in diversity cases.
>
> *Id*. at 879-80.
>
> The private interest factors include:
>
> (1)    the plaintiff's forum preference as manifested in the original choice;
> (2)    the defendant's preference;
> (3)    whether the claim arose elsewhere;
> (4)    the convenience of the parties as indicated by their relative physical and financial condition;
> (5)    the convenience of witnesses-only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and
> (6)    the location of books and records (similarly limited to the extent that files could not be produced in the alternative forum).
>
> *Id*. at 879.

**1.    The Complaints At Issue Are Substantially Similar**

To show that two actions are similar, "neither identical parties nor identical issues are needed, only 'substantial overlap.'" *Nature's Benefit*, 2007 WL 2462625 at *3 (citing *Save Power Ltd. v. Syntek Fin. Corp*., 121 F.3d 947, 950 (5th Cir. 1997)). If two causes of action have a similar centralized issue, and closely intertwined parties, this court has concluded that the complaints have the requisite overlap to satisfy the first-to-file rule. *Id*. at *5.

Both the New Jersey and Michigan actions center on the issue of the extent of Living Essentials' rights in the 5 HOUR ENERGY registered trademark and whether N.V.E.'s use of 6 HOUR POWER is an infringement.  In the Michigan action, Living Essentials seeks to show that N.V.E. infringes on the 5 HOUR ENERGY trademark under 15 U.S.C. § 1125 by using 6 HOUR POWER.  In the New Jersey action, N.V.E. seeks to show that Living Essentials has violated the ACPA of 15 U.S.C. § 1125.  In essence, N.V.E. contends in New Jersey that Living Essentials' rights to 5 HOUR ENERGY do not extent to 6 HOUR POWER – the same position as its defense to the Michigan action.  Indeed, if Living Essentials prevails in the Michigan action, it will be established that N.V.E. cannot use 6 HOUR POWER, rendering the New Jersey action moot.

The Michigan action includes all issues regarding the parties' respective trademark rights.  N.V.E.'s New Jersey action deals with just the minimal subset of the trademark issues present before the Eastern District of Michigan.  Thus, the issues in these two actions are clearly intertwined and similar, and the parties are identical.  Therefore, the actions substantially overlap enough to justify transfer of the New Jersey action to the earlier action in the Eastern District of Michigan.  *Id.*

### 2.    <u>The Michigan Action Was Filed First</u>

"The party who <u>first</u> brings a controversy into a court of competent jurisdiction for adjudication should, so far as our dual system permits, be free from the vexation of subsequent litigation over the same subject matter."  *Crosley*, 122 F.2d at 930 (emphasis added).  The Michigan action was filed May 1, 2008.  (Ex. A.) The present action was filed four days later on May 5, 2008.  (Dkt. No. 08-2206)  Therefore, it is clear that the Michigan action was the

first of these related suits to be filed, and the New Jersey action was undoubtedly filed in response to the Michigan action.

3.    **Jurisdiction Of The Courts At Issue Is Concurrent**

The District Court for the Eastern District of Michigan would be an appropriate forum for transfer of the present action.  That court possesses subject matter, as well as personal jurisdiction.

a.    **Subject Matter Jurisdiction**

The current action arises under 15 U.S.C. §1125(d), the Federal Anticybersquatting Consumer Protection Act.  Therefore, the District Court for the Eastern District of Michigan would have original subject matter jurisdiction under 28 U.S.C. §1331.

b.    **Personal Jurisdiction**

Plaintiff alleges in its Complaint that it conducts business on a nationwide basis, and has done so since 1980.  (Dkt. No. 08-2206, Complaint ¶ 6).  Moreover, N.V.E.'s infringing product is sold directly to consumers in the Eastern District of Michigan.  (Ex. B.)  Therefore, it has conducted business in Michigan, and the Eastern District of Michigan has personal jurisdiction over it.  *Int'l Shoe Co. v. Washington, et. al.*, 326 U.S. 310, 317 (1945).  Notably the actions complained of in the New Jersey action were all performed in Michigan.  Living Essentials registered the domains at issue in Michigan.  (*See*, Ex. B. to Dkt. No. 08-2206)

**B.     Analysis Of The Third Circuit Factors Confirms**
**That The New Jersey Action Should Be Dismissed**
**Or Transferred to Michigan**

Considering each of the factors enumerated by the Third Circuit, it is clear that this case should be dismissed or transferred to Michigan, or at a minimum, stayed pending the resolution of the Michigan action.  Regardless, no factor counsels strongly against following the first-to-file rule.

**1.     Public Interest Factors**

**a.     The Enforceability Of The Judgment**

Since the New Jersey action and the Michigan action both revolve around the resolution of the extent of Living Essentials' rights in the 5 HOUR ENERGY registered trademark, the decision in the Michigan action will have a direct and significant impact on the outcome and enforceability of any judgment rendered on the current action.  If it is found in the Michigan action that N.V.E. has infringed the 5 HOUR ENERGY registered trademark by using 6 HOUR POWER in connection with the sale of goods, then the present action would be moot because defendant would have no right to use 6 HOUR POWER.  Since the enforceability of a judgment in this action is dependent on the resolution of the Michigan action, this factor favors dismissing the action, to be brought instead as a counterclaim in the Michigan case. Alternatively, this claim should be transferred to the Eastern District of Michigan, or at least stayed until the resolution of the Michigan action.  Indeed, having separate lawsuits pending contemporaneously may lead to inconsistent judgments or verdicts.

   **b.**  **Practical Considerations That Could Make**
       **<u>The Trial Easy, Expeditious Or Inexpensive</u>**

    There is already an earlier-filed action pending in the Eastern District of Michigan that deals with the same subject matter, the same parties, and many of the same facts as the current action.  The witnesses in two actions would likely be the same, as would other evidence.  If the actions were consolidated in the same court, there would only have to be one round of discovery, and the witnesses would only have to testify once.  Additionally, trying both actions together ensures consistency of results, as opposed to having two different courts in two different circuits decide similar issues in separate trials.  Therefore, it would be easier, less expensive, and more expeditious to try both actions in the court.  Accordingly, this factor favors transfer.

   **c.**  **The Relative Administrative Difficulty In The**
       **<u>Two Fora Resulting From Court Congestion</u>**

    There is no reason to believe that courts of New Jersey are significantly less congested than the courts of Michigan.  As a matter of fact, the federal district court is <u>much more</u> congested in New Jersey than in the Eastern District of Michigan.  In 2007, civil cases in New Jersey had a median time interval from filing to trial of 36 months.  (2007 Federal Judicial Caseload Profiles, Exs. D and E.)  Michigan had a median time interval of 25.8 months.  Therefore, this factor favors transfer.

   **d.**  **The Local Interest In Deciding Local**
       **<u>Controversies At Home</u>**

    There is a local interest in having a case decided in the forum where the parties are located.   N.V.E. is located in New Jersey.  Living Essentials, however, is a company registered under the laws of Michigan with its principal place of business also located in

Michigan.  Since the alleged wrongs in the New Jersey action relate to actions taken by Living Essentials in Michigan, there is a local interest in deciding all matters in the Eastern District of Michigan.  Also, since the Eastern District of Michigan is the forum where the first action related to the issues pending in both the Michigan and New Jersey cases was filed, this factor favors transfer.

### e.    The Public Policies Of The Fora

There is no apparent public policy that would favor maintaining this action in New Jersey.  The New Jersey action arises under federal law, and the actions complained of occurred in Michigan, involving a company with trademark rights which is located in the Eastern District of Michigan.

### f.    The Familiarity Of The Trial Judge With The Applicable State Law In Diversity Cases

Since the claim in this case arises under federal law (15 U.S.C. §1125), the same statutory section as the Michigan case, the judges of both courts would be equally competent to hear this claim.  Therefore, this factor does not favor either court as the proper forum.

### 2.    Private Interest Factors

### a.    The Plaintiff's Forum Preference As Manifested In The Original Choice

N.V.E., the plaintiff in this action chose to bring the action in New Jersey, but only after a first-filed case in Michigan.  The first-to-file rule "should not be disregarded lightly." *Tuff Torq. Corp.*, 882 F.Supp. at 364.

b.    **The Defendant's Preference**

Living Essentials, the defendant in this case, previously filed an action on similar subject matter in the Eastern District of Michigan.  Clearly defendant's preference would be to have both cases consolidated in that court.  This factor favors transfer of the current action.

c.    **Whether The Claim Arose Elsewhere**

The alleged infringing activities in N.V.E.'s complaint took place in Michigan. Exhibit B of the complaint shows that registration of the domain names at issue is in the name of a company in Michigan.  (Dkt. No. 08-2206, Exhibit B).  There is no allegation in the complaint of any action complained of taking place in New Jersey.  Therefore, this factor favors transfer to Michigan.

d.    **The Convenience Of The Parties As Indicated By Their Relative Physical And Financial Condition**

While it would be more convenient for N.V.E. to try an action in New Jersey rather than Michigan, N.V.E. already will have to travel to Michigan to defend the action pending there.  Therefore, it would be more convenient to the parties as a whole to condense the two actions and try them both in Michigan at the same time.  This would avoid the consequence of having both parties repeatedly travel back and forth between New Jersey and Michigan for two separate trials on similar subject matter.  Accordingly, this factor favors transfer.

> **e.    The Convenience Of Witnesses-Only To The
> Extent That The Witnesses May Actually
> <u>Be Unavailable For Trial In One Of The Fora</u>**

Since this factor is concerned with witnesses that may be unavailable for trial, it focuses

on non-party witnesses.  Since at this time the identity of the non-party witnesses is unknown,

this factor is neutral.

> **f.    The Location Of Books And Records (Similarly
> Limited To Extent That Files Could Not Be
> <u>Produced In The Alternative Forum)</u>**

With the advent of electronic documents and other technological advances, the

location of documents is only relevant to the extent that those documents could not be produced

in the chosen forum.  *EVCO Tech. & Dev. Co., LLC v. Precision Shooting Equip., Inc.*, 379

F.Supp.2d 728, 731 (E.D.Pa. 2005).  There is no evidence that there are any books or records

relevant to either action that would not be able to be produced in the either jurisdiction.

Therefore, this factor does not favor either court as the proper forum.

Overall, the private and public factors used to analyze a §1404(a) motion clearly

favor transfer of the current action to the Eastern District of Michigan.  The only factor favoring

maintaining the action in New Jersey is N.V.E.'s choice of forum.  This factor is clearly

overcome when the other factors clearly point toward trial in an alternative forum and Living

Essentials' first-filed and served complaint in Michigan.  *Melone v. Boeing Co.*, 2008 WL

877974, *2 (D.N.J. March 28, 2008) (Ex. F); *Nature's Benefit*, 2007 WL 62871 *9.  All of the

other factors are either neutral or clearly favor transfer of the current action.

C.     **If The Court Does Not Dismiss or Transfer The New Jersey Action To
       Michigan, It Should Stay The Action Until The Resolution Of The Michigan Action**

          Since the adoption of the first-to-file rule, the Third Circuit has recognized the power to enjoin parties before it from proceeding in another court in a controversy involving the same issues. *Crosley*, 122 F.2d at 928. If the Court decides not to dismiss or transfer the present action to Michigan, Living Essentials requests that the action be stayed until the resolution of the Michigan case. If the Michigan action results in an injunction against N.V.E.'s use of 6 HOUR POWER, then the present action will be unnecessary. If N.V.E. cannot use the 6 HOUR POWER mark, they cannot maintain an action under the ACPA. 15 U.S.C. § 1125(d)(1)(A). Since the outcome of the Michigan lawsuit will have a direct effect on whether or not the current action can go forward, the present action should, at the very least, be stayed until the resolution of that lawsuit.

## IV. **CONCLUSION**

For the foregoing reasons, Living Essentials requests that this Court dismiss N.V.E.'s action for violation of the ACPA or transfer the case to the Eastern District of Michigan and consolidate it with the previously filed trademark infringement action (Case No. 08-cv-11867).  Alternatively, Living Essentials requests that the present action be stayed until the conclusion of the Michigan matter.

LAW OFFICE OF JOSEPH M. WENZEL
Attorney for Defendant
Innovation Ventures, LLC
d/b/a Living Essentials

/s/ Joseph M. Wenzel
JOSEPH M. WENZEL
(JMW-3531)

Dated:  June 2, 2008

Of Counsel:

Mark A. Cantor, Esq.
Marc Lorelli, Esq.
Brooks Kushman, PC
1000 Town Center, 22nd Floor
Southfield, Michigan 48075-1238

13

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

This matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

LAW OFFICE OF JOSEPH M. WENZEL
Attorney for Defendant
Innovation Ventures, LLC
d/b/a Living Essentials

/s/ Joseph M. Wenzel
JOSEPH M. WENZEL
(JMW-3531)

Dated:  June 2, 2008

Of Counsel:

Mark A. Cantor, Esq.
Marc Lorelli, Esq.
Brooks Kushman, PC
1000 Town Center, 22nd Floor
Southfield, Michigan 48075-1238

14