UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| N.V.E., INC., <br><br> Plaintiff, <br><br> vs. <br><br> INNOVATION VENTURES, LLC, <br> d/b/a LIVING ESSENTIALS, <br><br> Defendant. | CIVIL NO. 08-2206 (SRC) <br><br><br> **Document Filed Electronically** |

**REPLY BRIEF IN SUPPORT OF MOTION TO TRANSFER
OR, ALTERNATIVELY, TO STAY THE PRESENT ACTION**

                                               LUM, DRASCO & POSITAN LLC
                                               103 Eisenhower Parkway
                                               Roseland, NJ 07068-1049
                                               (973) 403-9000
                                               (973) 403-9021 (Fax)

                                               Mark A. Cantor
                                               Marc Lorelli
                                               BROOKS KUSHMAN P.C.
                                               1000 Town Center, 22nd Floor
                                               Southfield, MI 48075
                                               (248) 358-4400
                                               Attorneys for Defendant
                                               Innovation Ventures, LLC
                                               d/b/a Living Essentials

Dennis J. Drasco, Esq.
Kevin J. O'Connor, Esq.
Of Counsel and On the Brief

Mark A. Cantor, Esq.
Marc Lorell, Esq.
Of Counsel

## I. REPLY

Plaintiff N.V.E., Inc. ("NVE") opposes Defendant Innovation Ventures, LLC, d/b/a Living Essentials' ("Living Essentials") motion to transfer or stay the present action on the grounds that 1) Living Essentials has unclean hands, and 2) the first-to-file rule does not apply. Both of NVE's assertions, however, are based on the false premise that Living Essentials' prior suit against NVE was an "anticipatory suit" filed in bad faith. There is no factual or legal basis for NVE's claim.

### A.   Living Essentials' Michigan Action is not an Improper Anticipatory Suit

When related cases are pending in different federal district courts, "the first-filed suit should have priority absent a showing that the balance of inconvenience favors transfer or unless there are special circumstances which justify giving priority to the second suit." *Ricoh Co., Ltd. v Honeywell, Inc.*, 817 F.Supp. 473, 487 (D.N.J. 1993). One special circumstance which warrants consideration of departure from the rule involves the filing of a declaratory judgment action when a party feigns interest in amicable settlement of claims asserted by an adversary in order to delay the adversary from filing suit. *One World Botanicals v Gulf Coast Nutritionals*, 987 F. Supp. 317, 328 (D. N.J. 1997); *Ontel Products, Inc. v Project Strategies Corp.*, 899 F.Supp. 1144, 1150 (S.D.N.Y. 1995); *Elbex Video, Ltd. v Tecton, Ltd.*, 2000 W.L. 1708189, *2 (S.D. N.Y. 2000). While the adversary is distracted and in order to gain tactical advantage, the party files suit which mirrors the action it anticipates the adversary would have filed, in a venue other than the one it expects the adversary to choose. *Ontel Products*, 899 F.Supp at 1150; *One World Botanicals*, 987 F. Supp. 317 at 328-329.

Living Essentials' filing in Michigan was not an improper anticipatory filing. First, contrary to NVE counsel Charles P. Guarino's assertions in his affidavit, he did not have discussions with Living Essentials' attorney, Mark Cantor. **Exhibit A, Affidavit of Mark Cantor at ¶ 2.** Mr. Guarino spoke with Mr. Lorelli who made no promise of any future settlement talks. **Exhibit B, Affidavit of Marc Lorelli at ¶ 2.**

Also, Living Essentials' complaint was not filed as a declaratory action and does not mirror NVE's threatened (or actual) suit. During Mr. Lorelli's conversation with Mr. Guarino, he demanded that Living Essentials transfer to NVE ownership of two domain names Living Essentials registered and in which NVE claims trademark rights. *Id* at 2. Mr. Guarino only threatened that NVE would file suit for alleged cybersquatting. In contrast, Living Essentials alleges in its Michigan complaint federal and common law trademark infringement, false designation of origin or sponsorship, and false advertising, all based on NVE's infringement of Living Essentials' 5 HOUR ENERGY® trademark by using 6 HOUR POWER in commerce. **Exhibit C.**

1. **The Authority Relied On By NVE Supports Living Essentials, Not NVE**

The very authority NVE relies upon, *Ontel Products, Inc. v Project Strategies Corp.*, *infra*, establishes that a suit filed under the threat of litigation to protect legitimate interests independent of an adversary's asserted claims is not improper, even if it is anticipatory. In *Ontel*, defendant contacted plaintiff and advised that plaintiff's packaging of a pet grooming device infringed on defendant's rights with respect to a similar product with similar packaging. In turn, plaintiff advised defendant that it (defendant) was harming plaintiff's

2

sales of its product by giving market participants the false impression (through advertising, threatened lawsuits, and other means) that plaintiff's product violated defendant's patent and trade dress. Rather than immediately file suit, defendant entered settlement negotiations with plaintiff. While negotiations were ongoing, plaintiff filed suit in the Southern District of New York, rather than in the District of New Jersey where defendant was expected to file if settlement was not reached. In its complaint, the *Ontel* plaintiff requested a declaratory judgment that its product did not infringe defendant's rights, and alleged additional claims of anti-trust violations, unfair competition, false advertising, various torts, and illegal patent marking. Defendant filed suit later the same day in the District of New Jersey alleging violation of the Lanham Act.

The *Ontel* defendant asked the Southern District of New York to disregard the first-to-file rule and transfer or dismiss plaintiff's complaint because it was an improper anticipatory filing. The Court declined stating that an anticipatory filing is improper when "it attempts to exploit the first-filed rule by securing a venue that differs from the one that the filer's adversary would be expected to choose." 899 F.Supp at 1150. But, the Court said such a filing is not improper where, as in the case before it, "the [filer] was genuinely concerned with obtaining a benefit beyond the scope of what the other party could be expected to bring suit for." *Id* at 1151. Because plaintiff had a legitimate rationale for pursuing claims beyond what defendant's complaint could be expected to encompass, based on defendant's alleged unlawful patent warning and false communications about plaintiff with third parties in the business community, the *Ontel* Court found plaintiff's filing was not an improper anticipatory filing.

The same rationale applies here. Living Essentials asserts much broader and <u>affirmative</u> claims in its Michigan complaint – claims that NVE never threatened to bring. And Living Essentials did so on different grounds–to protect its rights in its 5 HOUR ENERGY® trademark. Indeed, Mr. Guarino never asserted trademark infringement claims against Living Essentials, nor could he inasmuch as Living Essentials' 5 HOUR ENERGY® trademark was approved for registration on the USPTO Supplemental Register and was in use several years prior to the date NVE claims to have first used 6 HOUR POWER in commerce.

The issues involved in Michigan are the proverbial "800 lb gorilla." NVE filed suit in New Jersey with unclean hands merely to place pressure on Living Essentials, but its issues are undoubtedly intertwined with the Michigan case. NVE should have filed a counterclaim in the Michigan case, but did not. **Exhibit D.**

2. **NVE's Claims Were Not Motivated By Mr. Guarino's Domain Name Threats**

NVE's assertion that Living Essentials' filing was motivated by a desire to preempt NVE's suit is also belied by the fact that Living Essentials first filed a request with the USPTO for an extension of time to file opposition to NVE's registration of 6 HOUR POWER in <u>March 2008</u>, over one month *before* Mr. Guarino ever spoke with Living Essentials' counsel about the alleged cybersquatting. **Exhibit E.** And, Living Essentials based its opposition (filed on June 17, 2008) on the same grounds (trademark infringement) as asserted in the Michigan complaint. **Exhibit F.**

NVE acknowledges that NVE was placed on notice that Living Essentials intended to

4

oppose NVE's 6 Hour Power! Trademark in March. (Guarino Affidavit, ¶11.) Second, NVE had already filed a complaint against a third party asserting that 6 HOUR ENERGY was confusingly similar to 6 HOUR POWER. **Exhibit G.** Months earlier than NVE, Living Essentials had brought suit against that same third party for trademark infringement. **Exhibit H.**

Living Essentials filed suit to protect legitimate interests which extend well beyond NVE's threatened cybersquatting claims, and there is no basis to find that Living Essentials' request for a transfer or stay of this action is tainted by unclean hands. The first-to-file rule should apply.[1]

## II. CONCLUSION

For the foregoing reasons, Living Essentials requests that this Court transfer NVE's action to the Eastern District of Michigan. Alternatively, Living Essentials requests that the present action be stayed until the conclusion of the Michigan matter.

                           LUM, DRASCO & POSITAN LLC
                           Attorneys for Defendant
                           Innovation Ventures, LLD d/b/a Living Essentials

                           By: /s/ Kevin J. O'Connor
                                KEVIN J. O'CONNOR, ESQ.

DATED: June 30, 2008

---

[1] Citing *Ontel* and *Elbex*, NVE asserts that the first-to-file rule is usually disregarded when competing suits are filed merely days apart, as in this case. However, when competing suits are filed in close temporal proximity, the Court has discretion regarding whether to disregard the first-to-file rule. *Elbex*, 2000 W.L. 1708189 at *3. In this case, there is no compelling reason for the Court to disregard the priority typically afforded the first filed action, since Living Essentials' complaint was not an anticipatory filing and the factors which bear upon Living Essentials' request to transfer the action to Michigan overwhelmingly favor Living Essentials (for the reasons already stated in Living Essentials' motion).

5